TUCKER ELLIS LLP
NDUBISI A. EZEOLU SBN 256834
ndubisi.ezeolu@tuckerellis.com
JUAN ARAGON SBN 313461
juan.aragon@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:   213.430.3400
Facsimile:    213.430.3409

Attorneys for Defendants SELECT MEDICAL CORPORATION and
SELECT EMPLOYMENT SERVICES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JILL ARENDS and ALEXANDRA ARMSTRONG, on behalf of themselves and all other similarly situated individuals, | Case No. |
| Plaintiffs, | **DEFENDANTS SELECT MEDICAL CORPORATION'S AND SELECT EMPLOYMENT SERVICES, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1332, 1441, 1446** |
| v. | |
| SELECT MEDICAL CORPORATION; SELECT EMPLOYMENT SERVICES, INC.; and DOES 1 through 50, inclusive, | JURY TRIAL DEMANDED |
| Defendants. | Complaint Filed: December 19, 2019<br>Amended Complaint Filed: February 27, 2020 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendants Select Medical Corporation and Select Employment Services, Inc. (collectively "Defendants"), through undersigned counsel, hereby remove this case from the Superior Court of California, County of Alameda to the United States District Court for the Northern District of California.[1]  As grounds for removal,

---

[1] By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law.

1

DEFENDANTS SELECT MEDICAL CORPORATION'S AND SELECT EMPLOYMENT SERVICES, INC.'S
NOTICE OF REMOVAL

Defendants state as follows:

1. Defendants remove this action under the Class Action Fairness Act ("CAFA"). CAFA's jurisdictional requirements are set forth at 28 U.S.C. § 1332(d). Cases that qualify under CAFA are properly removed pursuant to 28 U.S.C. § 1453, limited by certain exceptions listed in section 1453(d) that are not applicable here.

2. On or about December 19, 2019, Plaintiff Jill Arends, filed a Complaint captioned *Jill Arends, on behalf of herself and all other similarly situated individuals, v. Select Medical Corporation, et al.*, Case No. RG19047456 (the "State Court Action") in the Superior Court of California, County of Alameda. The Complaint names as defendants Select Medical Corporation and Select Employment Services, Inc. The complaint is styled as a class action and purports to make class action allegations.

3. On or about February 27, 2020, a first amended complaint ("FAC") was filed on behalf of Ms. Arends and new plaintiff Alexandra Armstrong (collectively "Named Plaintiffs") in this matter. The FAC is styled as a class action in which the Named Plaintiffs seek to obtain recovery for themselves and all others similarly situated. The complaint and first amended complaint allege eight causes of action (1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207, (2) Failure to Pay Minimum Wages in Violation of the California Labor Code, (3) Failure to Pay Overtime Wages in Violation of the California Labor Code, (4) Meal and Rest Period Violations, (5) Failure to Provide Accurate Wage Statements in Violation of the California Labor Code, (6) Failure to Timely Pay All Wages Due and Owing in Violation of the California Labor Code, (7) Violating Private Attorney Generals Act, and (8) Unfair Business Practices.

4. As required by section 1446(a), a true and correct copy of the Complaint in this action is attached as **Exhibit B** and a copy of the FAC is attached as **Exhibit C** to the Declaration of Juan Aragon ("Aragon Decl.").

5. The Named Plaintiffs allege that Defendants were their employers and engaged in various Labor Code violations against them and similarly situated employees. *See* FAC ¶¶ 3-69.

I. **REMOVAL IS PROPER BECAUSE THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D).**

6. This Court has original jurisdiction over this action under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed

2

under federal or state law in which any member of a class of plaintiff's is a citizen of a state different from any defendant and where the amount in controversy for the putative class members exceeds $5,000,000, exclusive of interest and costs. *Id.* CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth more fully below, this Action meets all of CAFA's requirements for removal, and is timely and properly removed by the filing of this Notice.

7. Defendants only confirmed that Plaintiffs are seeking more than $5,000,000.00 in damages **on September 11, 2020**. Aragon Decl., ¶¶ 4-5. On that date, the parties met and conferred regarding Defendants' notice of removal and prospective responsive pleadings in state or federal court. *Id.*, ¶ 5; Aragon Decl., Ex. A. The parties dispute the sufficiency of Plaintiffs' allegations. *Id.* Defendants' asked Plaintiffs if they would limit damages under the Class Action Fairness Act's $5,000,000.00 amount in controversy threshold. *Id.* Plaintiffs' stated that damages were not limited to $5,000,000.00. *Id*

8. This Action has been styled as a collective action under the FLSA and class action under California law. *See* Complaint ¶; FAC ¶ 17.

### A. Minimal Diversity of Citizenship Exists Among Plaintiff and Defendants.

9. Minimal diversity exists under CAFA when any plaintiff, or prospective class-member, is diverse from any defendant. 28 U.S.C. § 1332(d)(2)(A).

10. On information and belief, Named Plaintiffs are both California residents.

11. Named Plaintiffs purport to bring the action on behalf of themselves "and all other similarly situated and typical employees employed in California as both a collective action under the FLSA and a true class action under California law." *See* Complaint ¶ 16; FAC ¶ 17.

12. Select Medical Corporation and Select Employment Services, Inc., are Delaware corporations, with the principal places of business in Pennsylvania. *See* Aragon Decl. ¶¶ 8, 9, Exs. C, D; FAC ¶ 5, Delaware Secretary of State printouts.

13. Because at least one plaintiff is a citizen of a different state than one defendant, minimal diversity exists for removal under CAFA. Indeed, all of the Defendants are citizens of states other than California.

14. The Complaint includes a number of fictitious defendants, whose citizenships are ignored for removal purposes. 28 U.S.C. § 1441(b).

### B. There Are at Least 100 Members in Plaintiffs' Putative Class.

15. CAFA requires the existence of at least 100 members in Plaintiffs' putative class. 28 U.S.C. § 1332(d)(5)(B).

16. Named Plaintiffs purport to bring the action on behalf of themselves "and all other similarly situated and typical employees employed in California." See Complaint ¶ 16 and FAC ¶ 17.

17. Regarding a purported FLSA Class, Named Plaintiffs allege that "Defendants employ, and have employed, in excess of 1,000 FLSA Class Members within the applicable statute of limitations." FAC ¶ 19. Regarding purported California Classes, Named Plaintiffs allege that "Defendants employ, and have employed, in excess of 1,000 Class Members within the applicable statute of limitations." FAC ¶ 22.

18. Thus, there are more than 100 prospective class members, CAFA's requirement has been met, and removal is appropriate.

### C. The Amount in Controversy Exceeds $5,000,000.00.

19. CAFA authorizes the removal of class actions, in which the amount in controversy for all potential class members exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). Notwithstanding the FAC's lack of allegations of the total amount of monetary relief claimed, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart v. Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014). To satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Id.* at 551 (quoting *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192, 200 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint.'").[2]

---

[2] If a court questions a defendant's amount-in-controversy allegation, the court *must* give the parties an opportunity to present evidence relating to the allegation and only then decide whether the preponderance of that evidence shows that the amount in controversy is met. *See Dart*, 135 S.Ct. at 554 ("Evidence

4

DEFENDANTS SELECT MEDICAL CORPORATION'S AND SELECT EMPLOYMENT SERVICES, INC.'S, NOTICE OF REMOVAL

20. Defendants deny Named Plaintiffs' substantive allegations, deny that Named Plaintiffs are entitled to any of the relief sought in their FAC, and do not waive any defense with respect to any of Named Plaintiffs' claims. Nonetheless, the amount in controversy is determined by accepting Named Plaintiffs' allegations as true. *See e.g.*, *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012). Additionally, statutory penalties may be considered by the Court when determining the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Korn v. Polo Ralph Lauren*, 536 F.Supp. 2d 1199 (E.D. Cal. 2008). ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met."). The Court should also include requests for attorneys' fees in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

21. Named Plaintiffs' first cause of action in the FAC alleges that "Plaintiffs demand for themselves and for all others similarly situated, that Defendant pay Plaintiffs and FLSA Class Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law." FAC ¶ 26. Assuming without admitting these employees each worked at least 30 minutes per day overtime then they would be entitled to pay for those 30 minutes at 1.5 times their regular rate of pay. Assuming an average rate of $20 per hour, time and a half would be $30 per hour, making the alleged missed 30 minutes per day count as overtime at $15 per half hour. If we calculate approximately 156 weeks during the alleged class period of 3 years (based on the statute of limitations for

---

establishing the amount is required . . . when . . . the court questions[] the defendant's allegation."); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015) (same). In other words, a court may not *sua sponte* remand a removed case based on a deficient amount-in-controversy allegation before giving the defendant an opportunity to cure the alleged deficiency. *See, e.g.*, *Ellenburg*, 519 F.3d at 194, 197–98; *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295–96, 1298 (11th Cir. 2009); *accord Smith v. Mylan Inc*., 761 F.3d 1042, 1044 (9th Cir. 2014) (explaining that a district court has no authority to remand a removed action *sua sponte* based on a purported procedural defect in the notice of removal); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (same); *Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) (explaining that failure to allege amount in controversy constitutes a "procedural defect" that does not undermine jurisdiction).

willful violations of FLSA claims) at 4 days per week (adjusting for part time workers) there are 624 days of alleged unpaid overtime. If we assume that this claim applied to 1/3 of the employees and the average employee's pay for overtime was $15 per half-hour, while many employees made significantly more than this (and Named Plaintiffs made substantially more), this would equal **$3,120,000.00** in alleged missing overtime pay for alleged missed meal periods alone.

22. Named Plaintiffs' second cause of action is for failure to pay minimum wage under California Labor Code §§ 1194, 1197 and IWC Wage Order No. 5-2001 § 4. Named Plaintiffs seek to recover the unpaid balance of wages, plus interest, penalties, attorneys' fees, expenses and costs of suit pursuant to Labor Code §§ 200, 203, 226, 558, 1194, and 1197.1. *See* FAC ¶¶ 33, 34, 35. If we assume without admitting that these employees' minimum wage claims are based on the alleged unpaid overtime in the first cause of action, then the FAC is alleging that they are owed wages for approximately 30 minutes per day. Again, if we assume, per the FAC, that 1000 non-exempt employees over the past 4 years (*See* FAC ¶ 33) worked on average four days in a week (adjusting for part time workers), and 30 minutes of unpaid minimum wage per day of work over approximately 208 weeks, this would equal 832 days of alleged unpaid minimum wage. If we assume that this claim applied to 1/3 of the alleged employees and the average employee's pay was $10 per half-hour, while many employees made significantly more than this (and Named Plaintiffs made substantially more), this would equal **$2,773,333.00** in alleged missing minimum wage pay.

23. Named Plaintiffs' third cause of action is for failure to pay overtime wages pursuant to Labor Code §§ 510, 558 and 1198, and IWC Wage Order No. 5-2001 § 3. Named Plaintiffs seek to recover wages for alleged off the clock work. FAC ¶¶ 37-41. Named Plaintiffs seek to collect the alleged unpaid overtime wages and attorney's fees. *Id.* If we assume the same 1000 employees did not receive at least 30 minutes of overtime, then they would be entitled to pay for those 30 minutes at 1.5 times their regular rate of pay. Assuming an average rate of $20 per hour, time and a half would be $30 per hour, making the alleged missed 30 minute per day count as overtime at $15 per half hour. Again, if we assume, per the FAC, that 1000 non-exempt employees over the past 4 years (per FAC ¶ 40) worked on average four days in a week (adjusting for part time workers), and 30 minutes of unpaid overtime per day of work over approximately 208 weeks, this would equal 832 days of alleged unpaid overtime pay. If we assume

6
DEFENDANTS SELECT MEDICAL CORPORATION'S AND SELECT EMPLOYMENT SERVICES, INC.'S,
NOTICE OF REMOVAL

that this claim applied to 1/3 of employees and the average employee's pay for overtime was $15 per half-hour, while many employees made significantly more than this (and Named Plaintiffs made substantially more), this would equal **$4,160,000.00** in alleged missing overtime pay for alleged overtime.

24. Named Plaintiffs' fourth cause of action is for failure to pay overtime wages pursuant to Labor Code §§ 510, 1194, 1198, and IWC Wage Order No. 5-2001 § 3. Named Plaintiffs seek to recover wages for alleged off the clock work, working through meal breaks and inaccurately recording time worked. FAC ¶ 32. If we assume the same 1000 employees as above did not receive at least 30 minutes of overtime due to alleged missed meal periods, then they would be entitled to pay for those 30 minutes at 1.5 times their regular rate of pay. Assuming an average rate of $20 per hour, time and a half would be $30 per hour, making the alleged missed 30 minute meal periods, count as overtime at $15 per half hour. Again, if we assume, per the FAC, that 1000 non-exempt employees over the past 4 years worked on average four days in a week (adjusting for part time workers), and 1 missed meal period per day of work over approximately 208 weeks, this would equal 832 days of alleged missed meal periods. If we assume that this claim applied to 1/3 of employees and the average employee's pay for overtime was $15 per half-hour, while many employees made significantly more than this (and Named Plaintiffs made substantially more), this would equal **$4,160,000.00** in alleged missing overtime pay for alleged missed meal periods.

25. Named Plaintiffs' fifth cause of action is for failure furnish accurate wage statements. Named Plaintiffs allege that during the class period, Defendants knowingly and intentionally failed to provide accurate and itemized wage statements subjecting Defendants to a statutory penalty under Labor Code § 226(e). The maximum statutory penalty under Labor Code § 226(e) is $50 for the first offense and $100 for each subsequent offense not to exceed $4,000 plus attorneys' fees. Cal. Lab. Code § 226(e). So at a maximum penalty of $4,000 per employee times 1000 employees, the claimed penalty under 226(e) sought in the FAC would be **$4,000,000.00**.

26. Named Plaintiffs' eighth cause of action is for unfair and unlawful business practices under California Business and Professions Code § 17200. The FAC alleges that by virtue of all of the other claims in the preceding causes of action. This cause of action alone aggregates all of the other claims**..**

27. Named Plaintiffs also seek attorney's fees for various of their claims, which we can estimate will be a minimum of **$300,000.**

7

DEFENDANTS SELECT MEDICAL CORPORATION'S AND SELECT EMPLOYMENT SERVICES, INC.'S, NOTICE OF REMOVAL

28. Therefore, analyzing the Complaint in a light most favorable to Named Plaintiffs while not admitting liability for any amount, the amount of damages currently alleged to be in controversy by Named Plaintiffs will reasonably exceed $5,000,000, exclusive of interests and costs.

## II.  DEFENDANTS HAVE SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL

29. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

30. Named Plaintiffs Amended Complaint does not clearly set forth facts concerning the amount in controversy to allow Defendants to ascertain whether this action was removable, and consequently the 30-day removal period did not begin to run until Defendants determined that the amount in controversy exceeded $5,000,000.00. *See, e.g.*, *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) ("[T]hirty-day removal period comes into play only if removability is ascertainable from examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." (internal citations omitted)); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (in determining if amount in controversy has been met to trigger 30-day removal period "defendants need not make extrapolations or engage in guesswork.").

31. Based on the above, Defendants were not on notice of the removability of this claim at an earlier time, and are now removing within the appropriate time to respond to the FAC.

32. The Superior Court of Oakland, County of Alameda is located within the Northern District of California. *See* 28 U.S.C. § 84(c)(2). Removal to this Court under section 1441(a) is proper because the Northern District of California is the "district and division embracing the place where such action is pending."

33. In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received is attached as **Exhibit F** to the Aragon Declaration.

34. Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Named Plaintiffs' counsel and a copy is being filed with the Clerk of the Superior Court of California, County of Alameda.

35. Defendants reserve all defenses to Named Plaintiffs' claims.

ACCORDINGLY, Defendants remove this action and gives notice to Named Plaintiffs and to the Superior

DEFENDANTS SELECT MEDICAL CORPORATION'S AND SELECT EMPLOYMENT SERVICES, INC.'S, NOTICE OF REMOVAL

1  Court of California, County of Sacramento, that the State Court Action shall proceed no further pursuant
2  to 28 U.S.C. § 1446(d).

4  DATED:  September 14, 2020                           TUCKER ELLIS LLP

7                                                          By: /s/ *Juan A. Aragon*
                                                               JUAN ARAGON
8                                                              Attorneys for Defendants Select Medical
                                                               Corporation and  Select Employment
9                                                              Services, Inc.

9

DEFENDANTS SELECT MEDICAL CORPORATION'S AND SELECT EMPLOYMENT SERVICES, INC.'S,
NOTICE OF REMOVAL

<u>CERTIFICATE OF SERVICE</u>

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On September 14, 2020, I served the following: **DEFENDANTS SELECT MEDICAL CORPORATION'S AND SELECT EMPLOYMENT SERVICES, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1332, 1441, 1446** on the interested parties in this action by:

(X) **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(X) **BY E-MAIL OR ELECTRONIC TRANSMISSION**: Pursuant to California Rules of Court, Appendix l, Emergency Rules Related to COVID-19, Temporary Emergency Rule 12, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Joshua D. Buck, Esq.<br>Joshua R. Hendrickson, Esq.<br>Leah L. Jones, Esq.<br>THIERMAN BUCK LLP<br>7287 Lakeside Drive<br>Reno, NV 89511<br>Email:<br>josh@thiermanbuck.com;<br>joshh@thiermanbuck.com;<br>leah@thiermanbuck.com | *Attorneys for Plaintiffs Jill Arends and Alexandra Armstrong* |

(X) I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on September 14, 2020, at Los Angeles, California.

*/s/ Annika Garcia*
ANNIKA GARCIA
(original signature retained by attorney Juan A. Aragon)